# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL MALDONADO RAMIREZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. QUICK, et al.,<br><br>　　　　Defendants. | Case No. 1:22-cv-01610-ADA-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL<br><br>(ECF No. 11) |

Plaintiff Israel Maldonado Ramirez is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to recuse Magistrate Judge Stanley A. Boone, filed March 9, 2023.

Federal law provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section (b) of that statute sets forth a number of additional grounds for disqualification, including where the judge "has a personal bias or prejudice concerning a party," "personal knowledge of disputed evidentiary facts concerning the proceeding," where "in private practice he served as lawyer in the matter in controversy," or "has been a material witness concerning it." Id. § 455(b).

A motion under § 455 is addressed to, and must be decided by, the very judge whose impartiality is being questioned." Bernard v. Coyne, 31 F.3d 842, 843 (9th Cir. 1994). "Section

455 clearly contemplates that decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge." Id. (quoting United States v. Balistrieri, 779 F.2d 1191, 1202 (7th Cir. 1985)).

"[S]ection 455 includes no provision for referral of the question of recusal to another judge; if the judge sitting on the case is aware of grounds for recusal under section 455, that judge has a duty to recuse himself or herself." U.S. v. Sibla, 624 F.2d 864, 868 (9th Cir. 1980) (citing see, e.g., Nicodemus v. Chrysler Corp., 596 F.2d 152, 157 & n.10 (6th Cir. 1979)).

Plaintiff argues that the undersigned magistrate judge should recuse himself from this case if he does not allow the case to proceed forward and past screening. Plaintiff's motion for recusal must be denied. Plaintiff has not supported his motion with any evidence that the undersigned has a personal bias against Plaintiff from an extra-judicial source. In re Focus Media, Inc., 378 F.3d 916, 930 (9th Cir. 2004) (A judge's rulings while presiding over a case do not constitute extra-judicial conduct); United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986) ("A judge is not disqualified by a litigant's suit or threatened suit against him or by a litigant's intemperate and scurrilous attacks."). Plaintiff's disagreement with the Court's ruling is not a legitimate ground for seeking disqualification. Because there is no basis for the undersigned to recuse himself, Plaintiff's recusal motion is be denied.

IT IS SO ORDERED.

Dated:   **March 13, 2023**

UNITED STATES MAGISTRATE JUDGE